Allen N. Brunwasser, Pittsburgh, Pa., for appellant.

Craig Jones, Pittsburgh, Pa., for appellee.

In re WIRE CLOTH
ENTERPRISES, Debtor.

REED SMITH SHAW &
McCLAY, Appellee,

v.

WIRE CLOTH
ENTERPRISES, Appellant.

Civ. A. No. 88–587.

United States District Court,
W.D. Pennsylvania.

Feb. 20, 1991.

## MEMORANDUM OPINION

BLOCH, District Judge.

Wire Cloth Enterprises appeals from an order by the Bankruptcy Court entered September 16, 1986, allowing Reed Smith Shaw & McClay's (Reed Smith) claim and ordering Wire Cloth to pay 75 percent of the allowed amount. For the reasons stated hereafter, the order of the Bankruptcy Court shall be affirmed.

### I. Facts [1]

Reed Smith filed a claim to recover expenses incurred through its prior representation of Wire Cloth. On April 17, 1986, the Bankruptcy Court notified the parties that a trial on the dispute would be held on June 2, 1986, at 1:45 p.m. *In re Wire Cloth Enterprises, Inc.*, No. 75–1060 (Bankr.W.D.Pa. April 17, 1986). On June 2, 1986, at 2:30 p.m., the Bankruptcy Court was prepared to commence the hearing, but Wire Cloth's counsel, Allen N. Brunwasser, was not in attendance. *In re Wire Cloth Enterprises, Inc.*, No. 75–1060 (Bankr.W. D.Pa. June 18, 1986). The Bankruptcy Court contacted Mr. Brunwasser and told him that the hearing would be postponed until later that day so that he could attend. Mr. Brunwasser arrived at 5:15 p.m., and the hearing commenced at 5:30 p.m. During this hearing, Reed Smith presented its direct examination of Edmund K. Trent, Esquire. Mr. Brunwasser then began his cross-examination of Mr. Trent. After asking Mr. Trent a few questions, Mr. Brunwasser requested that the hearing be con-

---

1. Appellant failed to designate and supply copies of the specific items he desired to have included in the record on appeal as required by Bankruptcy Rules 8006 and 8007, and as ordered by the Bankruptcy Court. Instead, debtor stated that it wanted the entire bankruptcy record sent to this Court. Neither party has filed transcripts of the challenged bankruptcy hearing. This Court has elicited the facts of this case from the record of the bankruptcy proceedings which is before this Court.

tinued due to the late hour. *Id.* Mr. Brunwasser further requested that the hearing not be continued the next day because Mr. Brunwasser had other business to attend. The Bankruptcy Court continued the hearing and advised Mr. Brunwasser that

> he would be permitted such further cross examination of Mr. Trent as he desired, either before the court in Pittsburgh or Erie, as Mr. Brunwasser might desire to schedule, subject to Mr. Trent's availability, or the cross examination may be done by deposition, to be reviewed later by the court, and further, that Mr. Brunwasser could present his defense at his convenience at a time to be scheduled by the court at Mr. Brunwasser's request, provided however that if not completed by September 15, 1986, the court would proceed with a decision based on the record then before it.

*Id.*

The parties failed to agree on a date to complete the trial. Therefore, on July 9, 1986, the Bankruptcy Court notified the parties that the trial would be continued on August 27, 1986, and would proceed until concluded. *In re Wire Cloth Enterprises, Inc.*, No. 75–1060 (Bankr.W.D.Pa. July 9, 1986). Wire Cloth failed to appear at the August 27, 1986 hearing. Wire Cloth did not engage in further cross-examination of Mr. Trent by September 15, 1986. Consequently, on September 16, 1986, the Bankruptcy Court rendered its decision based on the record before it. *In re Wire Cloth Enterprises, Inc.*, No. 75–1060 (Bankr.W. D.Pa. September 16, 1986).

*II. Discussion*

Wire Cloth argues that it was denied due process because it was prevented from fully cross-examining Mr. Trent. This Court finds that Wire Cloth's contention is frivolous. The record demonstrates that the Bankruptcy Court strived to afford Wire Cloth an opportunity to adequately cross-

examine Mr. Trent. The Bankruptcy Court provided the parties with more than six weeks' advanced notice of the hearing date and time. The Court then delayed the commencement of the hearing to accommodate Mr. Brunwasser's absence. The hearing was continued at Wire Cloth's request. The Bankruptcy Court offered Wire Cloth a variety of means for completing its cross-examination of Mr. Trent, including scheduling a new hearing date. Wire Cloth failed to avail itself of any of these opportunities.

The facts show that Wire Cloth was provided an adequate opportunity to cross-examine Mr. Trent. Therefore, the decision of the Bankruptcy Court will be affirmed.[2]

An appropriate Order will be issued.

---

**2.** A further matter worthy of note is that a hearing on this appeal was held before Judge Simmons on July 18, 1988. Judge Simmons ordered Wire Cloth to file an affidavit indicating the extent of Wire Cloth's assets by August 23, 1988. *In re Wire Cloth Enterprises,* No. 88–587 (W.D.Pa. July 26, 1988). The Court's order stated that failure to file the affidavit would result in the decision of the Bankruptcy Court being affirmed. *Id.* The record does not indicate that any financial affidavit was filed by Wire Cloth.